The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion regarding a controversy that has arisen in Jefferson County involving the coordinator of the Office of Emergency Services. You have submitted a factual account of the events leading up to the current situation, including two documents entitled "Agreement to Establish Joint Action Emergency Organization" (marked Exhibit 3) and "Agreement To Establish a Joint Action Emergency Services Organization" (Exhibit 5). Your specific questions are as follows:
 1. Is the 1974 document (Exhibit 3) or the latest revision [Exhibit 5] binding upon the government of Jefferson County?
 2. What authority does the newly formed group have to appoint the coordinator and manage the County Office of Emergency Services?
With regard to your first question, this involves a factual determination that cannot be made in the context of an Attorney General Opinion. I cannot act as a factfinder in resolving the parties' dispute as to whether these agreements were entered. This issue was also addressed in Opinion Number 92-281, a copy of which is enclosed. As noted therein, this question is properly addressed to the individual attorneys for the political subdivisions, or perhaps ultimately, if necessary, to a court.
The answer to your second question will, it seems, also involve a factual issue because the so-called joint authority to appoint a director/coordinator depends, in all likelihood, upon the existence of a local office of emergency services created in accordance with the Arkansas Emergency Services Act of 1973 ("the Act") (A.C.A. §§ 12-75-101—129 (1987 and Cum. Supp. 1991)). The appointive authority was addressed generally in Opinion 92-281
(copy enclosed). As noted therein, it may be concluded from a review of the Act that provision for the joint selection of a coordinator could be made in those instances where such a local office was established, as distinguished from an office of emergency services that is maintained by the county. See A.C.A. § 12-75-118(b). This joint authority would presumably extend in that instance to management of the office, as the coordinator serves as the direct representative of the chief executive of the political subdivision involved. A.C.A. § 12-75-118(i)(1).
While I am therefore unable to answer your specific questions, the enclosed opinion will hopefully offer general guidance on the related issues.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh